PEOPLE v. THOMAS.

CRIMINAL LAW—UNARMED ROBBERY—SUFFICIENCY OF EVIDENCE.
Conviction of defendants of unarmed robbery *held* supported by the evidence where there was testimony by 2 police officers that they observed the complainant first with the defendants, and again a few minutes later appearing to have been beaten, and there was testimony by the complainant that defendants had beaten and robbed him, and the officers testified that they apprehended the defendants running from the scene of the robbery with money in their hands (CL 1948, § 750.530).

Appeal from Recorder's Court of Detroit, Gillis (Joseph A.), J. Submitted Division 1 April 8, 1968, at Detroit. (Docket Nos. 3,810 and 3,812.) Decided August 28, 1968. Rehearing denied September 30, 1968.

George Edward Thomas and Desmond Hunt were convicted of robbery unarmed. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Belanger & Reuther,* for defendants on appeal.

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur, Robbery §§ 50–54.

HOLBROOK, P. J.   Defendants, George Edward Thomas and Desmond Hunt, were convicted of the crime of robbery unarmed,[1] by jury trial held in recorder's court of the city of Detroit, and on April 24, 1967, were sentenced to prison for terms of 7 to 15 and 8 to 15 years respectively.

Both defendants filed motions for new trial claiming the verdict of the jury was contrary to the great weight of the evidence.  Upon denial of the motions, these appeals were taken.

The only question presented on appeal,[2] properly stated[3] is: *Was the evidence ample to warrant a finding of guilty beyond a reasonable doubt of the crime charged?*

Briefly stated, the pertinent facts show that in the early evening of a day in November, 1966, John Martin Aho entered a bar at Henry and Woodward streets in downtown Detroit.   He struck up a conversation with defendant Thomas while defendant Hunt was present in the bar.   After Hunt left the bar, Thomas told Aho about an exciting floor show with women of all descriptions.   It was agreed that Thomas would take Aho to the floor show.

Aho related in his testimony that Thomas took him to an apartment house on John R. street a few blocks from the bar.   They entered the building and took the elevator to one of the floors where they were met by defendant Hunt.   Complainant identified the defendants and explained what happened in his testimony as follows:

---

[1] CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798).

[2] Defendant Thomas offered a plea of guilty to a lesser offense but upon being informed by the court that he would be indorsed as a witness in Hunt's case and called to testify, he voluntarily withdrew his plea of guilty before the court accepted it and was tried on the main charge.

[3] *People* v. *Williams* (1962), 368 Mich 494, 501.

"The little guy grabbed me from behind, and the other one hit me in my nose and broke my nose and blacked my eyes.

"Meantime, the little guy is in my pocket, got my billfold, and proceeded to knock me down and kick me in the ribs. I got a very severe beating."

Harvey Cowan of the Detroit police department with Officer Robert Heise happened to observe Hunt enter the apartment building, and Thomas and Aho enter shortly thereafter. They observed Thomas and Hunt a little later in the hall on the second floor through an outside window. The officers investigated with Cowan entering the back entrance and Heise entering the front. Officer Cowan testified as follows:

"*Q.* What happened at that time?

"*A.* I checked out the first floor and couldn't see anybody. I proceeded to the 2nd floor. As I got to the top of the stairs, I heard two men running.

"One of them said, 'Let's get the hell out of here.'

"As I turned around the corner, I observed the two defendants coming towards me.

"And at this very moment the defendant George Thomas (*indicating*) threw a brown leather wallet down and tried to put some money in his pocket, and the other defendant Desmond Hunt had the money in his hand.

"At this time I identified myself as a police officer and placed them both under arrest.

\* \* \*

"*Q.* Did you see that wallet again at any time after that?

"*A.* Yes. I picked it up and put it in my pocket.

"*Q.* What did you do with the wallet after that?

"*A.* I put it in evidence at the first precinct."

Cowan took $32 from Thomas and $21 from Hunt which Aho claimed to have had in his billfold. This

money was admitted in evidence together with Aho's billfold taken by Officer Cowan.

That Aho had been beaten in the process of the robbery there can be little question. Both officers testified that at the scene of the crime they observed Aho and described his appearance as having blood all over his face, his mouth cut and his clothes torn.

We disagree with defendants' claim that there was insufficient evidence to establish the essential elements[4] of the crime of robbery unarmed. There was ample evidence, if believed by the jury, to find defendants guilty of the crime charged.

Affirmed.

LEVIN and PRATT, JJ., concurred.

[4] 4 Gillespie, Michigan Criminal Law and Procedure, (2d ed) § 2220, p 2442.